**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INDUSTRIAL RAYON CORPORATION and International Union of Operating Engineers, Local 600, AFL–CIO, Respondents.**

**No. 14537.**

United States Court of Appeals
Sixth Circuit.

Dec. 16, 1961.

Elliott Moore, N. L. R. B., Washington, D. C., Stuart Rothman, Dominick L. Manoli, Marcel Mallet-Prevost and Samuel M. Singer, N. L. R. B., Washington, D. C., on brief, for petitioner.

Frank C. Heath, Cleveland, Ohio, Jones, Day, Cockley & Reavis, Cleveland, Ohio, on brief, for Industrial Rayon Corp.

Louis S. Belkin, Cleveland, Ohio, Belkin, Barnett, Kent & Shapiro, Cleveland, Ohio, on brief, for International Union of Operating Engineers, Local 600, AFL–CIO.

Before SIMONS, MARTIN and WEICK, Circuit Judges.

PER CURIAM.

The petition of the National Labor Relations Board for enforcement of its order in this case and the response thereto have been duly heard and considered on the record and on the respective briefs and oral arguments of the Labor Board, as petitioner, and the Industrial Rayon Corporation and the AFL-CIO International Union of Operating Engineers, Local 600, as respondents. The decision and order of the Board is reported in 130 N.L.R.B., No. 53.

When reduced to final analysis, the issue presented to us is whether the National Labor Relations Board correctly found that the respondent company violated Section 8(a) (3) and (1), and whether the respondent union violated Section 8(b) (2) and (1) (A), of the National Labor Relations Act. 29 U.S. C.A. § 158. Involved is a determination of whether the respondents entered into an illegal union-security agreement; and whether, by invoking that agreement, an employee, Gregory Cudzilo, was unlawfully discharged.

The Labor Board answered these questions in the affirmative, entered an appropriate cease and desist order, and directed the reinstatement of Cudzilo to his former, or a substantially equivalent, position without prejudice to his seniority or other rights as set forth in the intermediate report of the trial examiner.

The cease and desist order operated against both the respondent company and the respondent union. There was disagreement among the members of the Board on certain aspects of the case. Two members voted to affirm the findings and conclusions of the trial examiner that the union-security clause is unlawful because, on the date of the execution of the agreement in question, the union was not in compliance with Section 9(f), (g), and (h), as required by Section 8(a) (3) of the Act. Two members based the violation found by the trial examiner on the ground that the union-security clause violates Section 8(a) (3) of the Act, in that the Act requires employees who had been employed for thirty days, or more, at the time the agreement was executed, to join the union "within thirty (30) days." It was considered that this failed to allow employees a full thirty days' grace period before they were required to become members of the union and is therefore unlawful.

Upon consideration of the entire record in the case, the intermediate report of the trial examiner, the briefs and arguments of attorneys, we are of opinion that the petition of the National Labor Relations Board for enforcement of its order should be granted.

The petition of the Labor Board is, therefore, granted.